COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


VIRGINIA LUCAS WRIGHT

v.        Record No. 2398-96-3          MEMORANDUM OPINION[*]
                                            PER CURIAM
AMERISOURCE                              MARCH 18, 1997
AND
ROYAL INSURANCE COMPANY OF AMERICA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (George L. Townsend; Chandler, Franklin &
            O'Bryan, on brief), for appellant.

            (Richard D. Lucas; Carter, Brown & Osborne,
            P.C., on brief), for appellees.


     Virginia Lucas Wright (claimant) contends that the Workers'

Compensation Commission (commission) erred in terminating her

compensation benefits as of January 30, 1996 on the ground that

she unjustifiably refused Amerisource's (employer) bona fide

offer of selective employment.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Findings of fact made by the commission will be upheld on appeal

if supported by credible evidence.  James v. Capitol Steel

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

It is undisputed that in January 1996, claimant's physicians released her to work four hours per day, and that employer offered claimant a part-time job approved by her physicians. Claimant refused the job offer because the cost of commuting from Roanoke to Lynchburg for a four-hour per day, six-dollar per hour job would equal or exceed the income she would earn. The parties also agreed that employer offered the temporary job to claimant in an effort to get her back to full-duty. On May 20, 1996, employer offered claimant a modified full-duty job at her pre-injury rate of pay.

In granting employer's application, the commission made the following findings:

> Although the Commission has held that an employee may be justified in refusing an offer of selective employment which is geographically remote or of minimal financial value, in this case the employer has offered the claimant the same job in the same location that she was performing before her injury. She argues that because she moved to Roanoke, and was planning to quit the job for that reason, she was justified in refusing the part-time job offer. However, the part-time job was simply a temporary effort to ease her back into full-time employment. Although the remuneration was minimal, we find that the employer was entitled to begin the process of the claimant's re-entry into the work force.

Credible evidence, including the medical records, the parties' stipulations, claimant's testimony, and the testimony of employer's human resources director, supports the commission's

2

findings.  The duties of the selective employment fell within claimant's physical restrictions.  Employer offered claimant the same job, at the same rate of pay, and at the same location as before her injury.  Claimant commuted from Roanoke to Lynchburg prior to her injury.  Therefore, the commission did not err in finding that the length of the commute did not constitute a justification for claimant's refusal of the selective employment. The only difference between claimant's pre-injury job and the selective employment was a reduction in the number of hours worked to accommodate claimant's physical restrictions. Moreover, employer offered the part-time job to claimant in order to prepare her for full-time work, which it ultimately offered her on May 20, 1996.  Under these circumstances, the commission did not err in concluding that claimant was not justified in refusing employer's bona fide offer of selective employment.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>